**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Qin Wang,<br><br>Plaintiff,<br><br>v.<br><br>Pinggao Zhang and Jenny Z. Yang,<br><br>Defendants. | Civil Action No. 19-21344 (ZNQ) (DEA)<br><br>**MEMORANDUM OPINION** |

**QURAISHI, District Judge**

    This matter comes before the Court upon a Motion for Summary Judgment (the "Motion") filed by Qin Wang ("Plaintiff").[1] (the "Motion", ECF No. 12.) Pinggao Zhang ("Zhang") and Jenny Z. Yang ("Yang") (collectively, "Defendants") opposed the Motion and filed a Cross Motion for Summary Judgment, ("Cross-Brief", ECF No. 13-1.) Plaintiff filed a reply in further support of the Motion and in opposition to the Cross Motion. (Reply, ECF No. 14.) The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated herein, Plaintiff's Motion for Summary Judgment will be denied, Defendants' Cross Motion will be granted, and judgment will be entered in favor of Defendants as to all claims.

---

[1] Rather than filing a separate moving brief with his Motion, Plaintiff filed a single document titled "Motion and Memorandum of Points for Summary Judgment of Plaintiff's [sic] Claim for Breach of Contract." Accordingly, the Court will cite and refer to it as "Motion."

1

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are undisputed, unless otherwise noted. Plaintiff is a citizen of New Jersey and is appearing *pro se*. (Complaint, ECF No. 1 at 2.)[2] Defendants are citizens of Massachusetts. (Answer, ECF No. 11 ¶ 2.). In 2014, Plaintiff filed a prior lawsuit against Defendants in the District of New Jersey. (Defendants' Statement of Material Facts, "DSMF" ¶ 12., ECF No. 13-5.) The parties resolved that suit with a settlement agreement (the "Agreement") in 2016 in which Defendants agreed to pay Plaintiff $140,000[3] under certain conditions. (Plaintiff's Statement of Material Facts, "PSMF", ECF No. 14 at 2; DSMF ¶ 9–10; Agreement attached as Exhibit A to DSMF, ECF No. 13-5 at 7–12.) The Agreement includes two paragraphs relevant to the parties' dispute: Paragraph II and Paragraph III. (DSMF ¶ 12–13; Agreement 1–2.) In January 2016, Defendants paid Plaintiff a first installment of $70,000 pursuant to Paragraph II of the Agreement. (DSMF ¶ 17.) In April 2016, Plaintiff was offered a position as a Statistical Science Director by AstraZeneca, LP. (DSMF ¶ 18; AstraZeneca Offer Letter dated April 8, 2016, attached as Exhibit C to DSMF, ECF No. 13-5 at 16–17.) Plaintiff remains employed by AstraZeneca. (DSMF ¶ 19.) After Plaintiff was hired by AstraZeneca, Defendants did not make the second, remaining payment of $70,001. (Certification of Pinggao Zhang in Support of [Cross] Motion, ¶ 7, ECF No. 13-2.)

In the present suit, Plaintiff alleges breach of the Agreement, specifically the terms contained in Paragraph III.

> III.    Therefore, after Three Hundreds [sic] Sixty (360) days from the execution of this Settlement Agreement by both parties and completion of other conditions set forth, further payment will be made as follows:

---

[2] The Complaint is not presented in numbered paragraphs. The Court therefore cites to its content by page number.
[3] To clarify the record, the Court notes that although the parties refer to the Agreement as involving compensation totaling $140,000, the two installments identified, $70,000 and $70,001, would total $140,001.

    a.    If Wang is employed for at least three hundred (300) days with a yearly compensation package equal to or better than Two Hundred-Fifty thousands [sic] dollars ($250,000.00), Wang shall return Seventy Thousand Dollars ($70,000.00) to Defendants.

    b.    If Wang is unable to secure an offer of full time permanent employment or contract employment, Defendants shall transfer to Wang Seventy Thousand and one Dollars ($70,001.00) as the last installment for settlement of all matters referenced herein Three Hundreds [sic] Sixty (360) days after the execution of the Settlement Agreement by all parties provided Zhang has been employed for at least 5 months during this 360 days period.

(Agreement at 1.) At issue are the parties' disparate interpretations of Paragraph III, particularly subparagraph IIIb.

## II.   PARTIES' ARGUMENTS

### A.   Plaintiff's Position

Plaintiff asserts that the parties have a valid and enforceable Agreement and that he complied with its terms. (Motion at 2.) He argues that Defendants are in breach because they failed to pay the "second installment of the $140,000 payment." (*Id.* at 2–3.)

Plaintiff asks the Court to interpret the contract as a whole and to read its provisions in subparagraphs IIIa and IIIb regarding the installment payments together rather than separately. (Reply at 2.) He claims that the language "an offer of full time permanent or contract employment" recited in subparagraph IIIb is fatally ambiguous if read outside the context of the employment particulars provided by subparagraph IIIa. (*Id.*) It would mean that he could be offered employment for a single day at any salary, and it would relieve Defendants of their obligation to pay the second installment. (*Id.*) Importing the employment conditions of subparagraph IIIb, as he says is proper, Plaintiff argues that he needed to obtain employment for at least 300 days with a yearly compensation package of at least $250,000 for Defendants to avoid their obligation to pay

3

the second installment of $70,001. (*Id.*) He insists this interpretation is consistent with the parties' original intent and it is supported by the parties' conduct since reaching the Agreement. (*Id.* at 4.) Plaintiff also asks that, to the extent the Court finds an ambiguity, the Court construe the ambiguity against Defendants, given that they were assisted by counsel while drafting the Agreement. (*Id.* at 5.)

Plaintiff turns next to the evidence in the record, or lack thereof. He asserts that AstraZeneca did not disclose his salary information to Defendants in response to their subpoena. (*Id.* at 4.) Accordingly, he says there is nothing in the record to indicate that he has been employed for more than 300 days at an annual salary of at least $250,000, as his interpretation of subparagraph IIIb requires to relieve Defendants of their obligation to pay the second installment. (*Id.*) Therefore, Defendants' nonpayment constitutes a breach. (*Id.*) Finally, Plaintiff asserts he was harmed by the nonpayment because, under the Agreement, he forfeited his chance to continue his prior suit for $1 million. (Motion at 3.)

### B. <u>Defendants' Position</u>

Defendants maintain the Agreement is clear and that they complied with all of its terms, including those provided in Paragraph III. (Cross at 5–6.) They paid the first installment pursuant to Paragraph II. (*Id.* at 5.) They did not pay the second installment—and did not need to according to subparagraph IIIb—because Plaintiff was offered employment by AstraZeneca within months of the Agreement. (*Id.* at 5–6, citing Offer Letter from AstraZeneca dated April 8, 2016, attached as Exhibit C to Cross Brief, ECF No. 13-5 at 16–17.) Defendants argue that, given the absence of any evidence that they breached the Agreement, they are entitled to summary judgment. (*Id.* at 7.)

### III. <u>LEGAL STANDARD</u>

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 250). "Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case . . . there can be no genuine issue of material fact.'" *Id.* (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (internal quotation marks omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

### IV.   ANALYSIS

The Court will address the sole claim in this suit and the subject of the parties' competing motions for summary judgment: Plaintiff's claim for breach of contract. "Under New Jersey law, a plaintiff has the burden to prove four elements for a breach of contract cause of action: (1) the parties entered into a contract containing certain terms; (2) the plaintiff did what the contract

5

required him to do; (3) the defendant did not do what the contract required him to do; and (4) defendant's breach, or failure to do what the contract required, caused a loss to the plaintiff." *Bulboff v. King Aircraft Title, Inc.*, Civ. No. 19-18236, 2021 WL 1186822, at * 5 (D.N.J. Mar. 30, 2021) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482, 139 A.3d 57, 64 (2016)).

Here, the first element for a breach of contract claim is met. It is undisputed that a valid written settlement agreement existed between Plaintiff and Defendants.

Likewise, the second element for a breach of contract claim is also satisfied. It is undisputed that Plaintiff did what the contract required him to do: he dismissed the prior lawsuit.

The third element of Plaintiff's claim is the focus of the parties' dispute. Plaintiff is required to establish that Defendants have not performed under the contract. The Court turns therefore to the Agreement. Having carefully reviewed the contract, the Court finds that the terms recited in subparagraph IIIb are both clear and unambiguous.

As set forth above, it expressly states:

> b. If Wang is unable to secure an offer of full time permanent employment or contract employment, Defendants shall transfer to Wang Seventy Thousand and one Dollars ($70,001.00) as the last installment for settlement of all matters referenced herein Three Hundreds [sic] Sixty (360) days after the execution of the Settlement Agreement by all parties provided Zhang has been employed for at least 5 months during this 360 days period.

(ECF No. 13-5 at 7). Thus, if Plaintiff had been unable to secure an offer for a full-time permanent position or a contract position, then Defendants would have been obligated to provide a $70,001 payment to Plaintiff within 360 days from the execution of the Agreement, assuming Defendant Zhang's own employment met the subparagraph's 5-month criteria.

Plaintiff's reading of the Agreement is misguided because the language of subparagraph IIIb is clear on its face: the second installment would only be paid to Plaintiff if he were unable to

6

secure an offer of employment. Subparagraph III(b)'s silence as to thresholds for salary and the duration of employment does not render it ambiguous. It simply means those conditions are absent. Had the parties intended to mirror the conditions of the two subparagraphs, there would have been any number of ways to do so.

Moreover, carrying the conditions from subparagraph IIIa into subparagraph IIIb in the way Plaintiff suggests is odd in at least one respect: subparagraph IIIa speaks in terms of actual employment, while subparagraph IIIb speaks in terms of **an offer** of employment.[4] There is a difference between employment and offer of employment; reading the limitations from IIIa into IIIb would create a condition that, inter alia, would have required Plaintiff to have been unable to secure an offer of (presumably) contract employment for at least 300 days. This would be the only time the Agreement imposed a condition as to duration for an offer of employment, as opposed to actual employment. *See* subparagraph IIIa (re: Plaintiff's employment) and subparagraph IIIb (re: Defendant Zhang's employment). In short, it would be a strained and unique interpretation.

To be clear, the strained nature of Plaintiff's proposed construction is a separate reason, distinct and apart from the Court's finding that the terms of subparagraph IIIb are clear and unambiguous on their face, to reject Plaintiff's proffered interpretation.

---

[4] At points, Plaintiff ignores or forgets the distinction, contending that

> the purpose of [paragraph III] as written in the Settlement Agreement is very clear: if the job with at least $250,000 annual compensation is obtained by Plaintiff, Plaintiff shall return the first installment of $70,000 to Defendants, if not, Defendants shall pay Plaintiff a second installment of $70,001 . . . .

(Reply at 2) and

> [r]eading paragraph III (a and b) together as a whole, it becomes clear that [if] Plaintiff **obtains an employment** with at least 300 days . . . and a yearly compensation package of at least $250,000 is the contract term for Defendants not to pay the final installment of $70,001. Since Plaintiff has not been able to **secure an employment** with at least $250,000 even till today, Defendants are at least obligated to pay Plaintiff $70,001.

(Reply at 3) (emphasis added).

Notwithstanding Plaintiff's contentions that the Agreement is ambiguous, where, as here, the Court deems a contract clear and unambiguous, New Jersey law is straightforward.[5] The contract must be enforced as written. *See Giaccone v. Canopius U.S. Ins. Co.*, 133 F.Supp.3d 668, 673–674 (D.N.J. 2015) (citing *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d. Cir. 2013) ("the Supreme Court of New Jersey has repeatedly instructed that clear and unambiguous contracts leave no room for interpretation or construction and must be enforced as written")). The Court will therefore apply subparagraph IIIb of the Agreement as written.

Having construed the Agreement, the Court turns to whether Defendants performed according to its terms. Here, it is undisputed that Defendants paid a first installment of $70,000 to Plaintiff under Paragraph II of the Agreement. As to Paragraph III, the record shows that Plaintiff secured an offer of fulltime employment as a Statistical Science Director with AstraZeneca. This is evidenced by AstraZeneca's offer letter to him, which he accepted by signing on May 7, 2016. The offer was made in April of 2016, well within the 360-day post-execution period contemplated by Paragraph III, given that the parties signed the Agreement in January of 2016. Accordingly, by the terms of subparagraph IIIb, Defendants were relieved of their obligation to pay Plaintiff the second installment of $70,001. Plaintiff therefore cannot establish that Defendants breached the Agreement.

Finally, the Court finds that Plaintiff cannot establish the last element of a claim for breach of contract—damages caused by Defendants' breach—insofar as the Court has already found that Defendants did not violate the Agreement.

---

[5] The Court notes that the Agreement itself includes a provision that it "shall be construed in accordance with and governed in all respects by the laws of the State of New Jersey." Paragraph VIII.

### V.     CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment will be denied and Defendants' Cross Motion will be granted. Judgment will be entered in favor of Defendants as to all claims. An appropriate order follows.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE